UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA WEIS, | : | Case No. 3:13-cv-164 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Michael J. Newman |
| | : | |
| COMMISSIONSER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's opposition to Plaintiff's Statement of Errors (doc. 11), Plaintiff's reply (doc. 11), the administrative record[2] (doc. 6), and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record (doc. 6) will refer only to the PageID number.

# I.

### A. Procedural History

Plaintiff filed for DIB on March 30, 2009 alleging a disability onset date of February 24, 2009. PageID 227-35. Plaintiff suffers from hypertension, obesity, asthma and mitral valve prolapse. PageID 64.

After initial denials of her application, Plaintiff received a hearing before ALJ Carol Bowen on April 22, 2011. PageID 83-106. Subsequently, Plaintiff received a supplemental hearing before ALJ Irma J. Flottman on September 8, 2011. PageID 107-136. On September 21, 2011, ALJ Flottman issued a written decision finding Plaintiff not "disabled." PageID 62-74. Specifically, ALJ Flottman's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013;

2. The claimant has not engaged in substantial gainful activity since February 24, 2009, the alleged disability onset date (20 CFR 404.1571, *et seq*);

3. The claimant has the following severe impairments: hypertension, obesity, asthma, and mitral valve prolapse (20 CFR 404.1520(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) except that she can stand/walk for about 6 hours and sit for up to 6 hours in an 8-hour work day with normal breaks; never climb ladders, ropes, or scaffolds, but occasionally climb stairs and ramps; can frequently perform overhead reaching with the bilateral upper extremities; must avoid all exposure to operational control of moving machinery and unprotected heights; and should avoid concentrated exposure to respiratory irritants, such as fumes, odors, dust, gases, and poorly ventilated areas; and should avoid concentrated exposure to extreme heat, cold, wetness, and humidity;

    6.    The claimant is capable of performing past relevant work as a credit card clerk, accounting clerk, and a customer complaint clerk. This work does not require the performance of work related activities precluded by the claimant's [RFC] (20 CFR 404.1565);

    7.    The claimant has not been under a disability, as defined in the Social Security Act, from February 24, 2009, through the date of this decision (20 CFR 404.1520(f)).

PageID 64-74 (brackets added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Flottman's non-disability finding the final administrative decision of the Commissioner. PageID 55-57. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

    **B.**    **Evidence of Record**

In her decision, ALJ Flottman set forth a detailed recitation of the underlying medical evidence in this case. PageID 62-74. Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the evidence of record. Doc. 8 at PageID 1613-20. The Commissioner's response to the Statement of Errors offers no objections to the statement of facts presented by Plaintiff. Doc. 11. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

## II.

    **A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

the correct legal criteria. *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773 (brackets added).

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 416.920. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains an RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

### III.

In her Statement of Errors, Plaintiff sets forth a single issue for review. She argues that the ALJ erred in finding she could perform her past relevant work as a credit clerk, accounting clerk and a customer support clerk. Doc. 8. In so arguing, however, Plaintiff presents two separate arguments: (1) the ALJ failed to properly weigh the opinion of physician assistant Justin Wright; and (2) the ALJ erred in relying on the opinions of non-examining state agency physicians. *Id.*

#### A. Other Source Opinion of Justin Wright

On May 2, 2011, Justin Wright, MPAS, PAC, completed interrogatories and gave an opinion regarding Plaintiff's physical work capabilities. Wright opined that Plaintiff could: occasionally lift or carry only up to ten pounds as a result of her previous hernia repairs and carpal tunnel; stand or walk for only thirty minutes during an eight hour workday because of edema in her lower extremities; sit for only three hours out of an eight hour day and for one hour uninterrupted because of peripheral edema; never climb, crouch, or crawl; occasionally balance, stoop, and kneel; and only work in a low stress environment to maintain her blood pressure and to, in turn, help her kidneys. PageID 1372-75. Based on these limitations, Wright concluded that Plaintiff could not perform sedentary work and was thus disabled. PageID 1374-75.

While Plaintiff concedes that Wright is not an "acceptable medical source" as that term is defined in 20 C.F.R. § 404.1513, Plaintiff argues that the ALJ erroneously discarded Wright's opinion outright when determining her limitations. Doc. 8 at PageID 1622-25. In response, the Commissioner argues that Wright's opinion was neither ignored nor automatically discarded by the ALJ in determining Plaintiff's RFC. Doc. 11 at PageID 1636-39. Instead, the Commissioner

contends that the ALJ considered Wright's opinion, but properly accorded it no weight because it was not supported "by objective and clinical evidence of record." *Id*.

As both parties concede, Wright's opinion falls within the category of "other sources" as defined in 20 C.F.R. § 404.1513(d). An ALJ may consider "other sources" in determining "the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). When "other sources" are provided for consideration by the ALJ, the ALJ's decision "should reflect the consideration of opinions from [such] medical sources[.]'" *Id*. at *6. In other words, an ALJ "generally should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id*.; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).

A thorough review of the ALJ's decision in this case reveals that Wright's opinions were neither ignored nor discarded on the sole basis that Wright was not an acceptable medical source. Instead, the ALJ specifically considered Wright's opinion, but found that his conclusions -- including his opinion that Plaintiff needs a low stress environment to maintain her blood pressure and help her kidneys -- unsupported by the evidence in the record. PageID 71, 73. In fact, the ALJ set forth extensive reasons as to why Wright's opinion was given no weight:

> The record also contains a medical assessment of work-related abilities from a Justin Wright, PA-C, a certified physician's assistant, indicating that the claimant cannot sustain even sedentary work activity [on] a full-time basis (Exhibit 28-F). As noted above, Mr[.] Wright is not an acceptable medical source whose opinion is entitled so special deference under the Regulations. Further, his limitation of standing/walking a combined total of no more than 30 minutes, and sitting a total of 3 hours, during an 8-hour workday, is not supported by the weight of the medical evidence. The objective and clinical findings of record demonstrate that

7

> the claimant's impairments are not as functionally severe as reported by Mr[.] Wright. Further, he reported that the claimant needs a low stress job in order to keep her blood pressure under control and prevent further damages to her kidneys. The claimant has a history of renal cell carcinoma, which was resected and is currently without evidence of recurrence or metastases. However, there is no evidence indicating that the claimant's hypertension has resulted in end-organ damage to either kidney independent of the surgical resection, or any other organ for that matter, and the claimant's blood pressure, while not optimally controlled, is shown to respond to appropriate medication treatment. Finally, laboratory testing shows claimant's kidney function to remain within normal limits.

PageID 73 (brackets added).

The argument portion of Plaintiff's Statement of Errors focuses on the ALJ's disagreement with Wright's opinion that Plaintiff required a low stress position. However, Plaintiff cites no medical evidence in the record contradicting any of the ALJ's foregoing conclusions. PageID 1622-26. On the other hand, the ALJ cited specific portions of the record in support of her conclusion to accord no weight to Wright's opinion. PageID 70-71. With regard to Plaintiff's blood pressure, the ALJ cited to Wright's own statement that Plaintiff's "blood pressure . . . is currently well controlled on medication." *Id*. Wright specifically made such a statement on or about June 29, 2011 (PageID 1587), *i.e.*, approximately seven weeks after submission of his assessment of Plaintiff's work abilities dated May 2, 2011. PageID 1372-75. With regard to Plaintiff's kidneys, while she has a history of renal cell carcinoma, testing throughout 2011 revealed that Plaintiff has normal kidney function. PageID 1318, 1328, 1330-31, 1333-35, 1413.[3] Thus, based on the foregoing, the ALJ's conclusions are supported by

---

[3] Plaintiff, in her Statement of Errors, cites specific laboratory testing on March 10, 2011 (doc. 6-11 at PageID 1413) as support for the assertion that "[l]aboratory testing revealed chronic kidney disease on March 10, 2011." Doc. 8 at PageID 1619. However, the record cited by Plaintiff reveals a glomerular filtration rate ("GFR") value above 60 mL/min, which, as noted on the record, "without other evidence of renal dysfunction, is considered normal." Doc. 6-11 at PageID 1413. Accordingly, the record does not support Plaintiff's assertion in this regard.

substantial evidence in the record. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (defining substantial evidence as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

"'[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]'" the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted). "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id.* (citing *Mullen v. Bowen*, 800 F.2d 535 (6th Cir. 1986)). Finding substantial evidence in the record supporting the ALJ's assessment of Wright's opinion, the undersigned concludes that Plaintiff's argument in this regard should be overruled.

    **B.**    **State Agency Physicians**

Plaintiff also argues that the ALJ erred in relying on opinions of non-examining state agency reviewing physicians. Dr. Jerry McCloud, a non-examining state agency physician, reviewed the record on May 10, 2009, and opined that Plaintiff: could occasionally lift and carry up to twenty pounds and frequently lift and carry up to ten pounds; stand and walk for six hours out of eight; sit for six hours out of eight; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; was limited in her ability to reach in all directions; and was to avoid all exposure to hazards such as machinery and heights. PageID 729-736. Dr. Walter Holbrook, another non-examining physician, reviewed the record on November 3, 2009, and agreed with Dr. McCloud's assessment. PageID 822.

The ALJ's full analysis of these opinions in her decision is as follows:

> [T]he opinions of the State Agency medical consultants are entitled to significant adjudicative weight because they are well supported by the objective and clinical findings of record (Exhibits 13-F and 16-F). Those opinions document the claimant's severe impairments and the effects they impose on her functional capacity. In addition, those opinions are not contradicted by other evidence and there is no treating source opinion in the record purporting to establish disability, or even significant functional limitations. Accordingly, those opinions are entitled to significant weight.

PageID 72 (brackets added).

An ALJ must generally give more weight to opinions offered by examining medical sources over opinions offered by non-examining medical sources. 20 C.F.R. § 404.1527(c)(1). In addition, an ALJ must generally give more weight to opinions supported by "relevant evidence" such as "medical signs and laboratory findings[.]" 20 C.F.R. § 404.1527(c)(3). Further, more weight is generally accorded medical opinions that are "more consistent . . . with the record as a whole[.]" 20 C.F.R. § 404.1527(c)(4).

In weighing differing medical opinion evidence, an ALJ must consider the factors set forth in 20 C.F.R. § 404.1527(c). These factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Commissioner's regulations specifically require that, "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant[.]" 20 C.F.R. § 404.1527(e)(2)(ii). Further, the ALJ's explanation in this regard must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009).

Here, any explanation concerning the nature and extent of the relationship between the state agency physicians and Plaintiff, as well as the length and frequency of treatment, is satisfied by simply noting that these physicians are state agency medical consultants. Such information provides the Court with a clear understanding that these physicians simply reviewed Plaintiff's medical records and rendered opinions without ever physically examining Plaintiff. *Cf. Anderson v. Comm'r of Soc. Sec.*, No. 1:11 CV 2105, 2013 WL 322119, at *2 (N.D. Ohio Jan. 28, 2013 (stating that "[a] state agency reviewing psychologist . . . is a non-examining source who has not examined a claimant but provides a medical or other opinion based upon a review of the claimant's medical records") (citations omitted). However, with regard to the other factors, the ALJ simply offered the conclusory assessment that the opinions were "well supported by the objective and clinical findings of record" and offered citations to the state agency physician's written opinions in the record. PageID 72. The ALJ pointed to no specific medical signs or laboratory findings in the record that she believed supported these opinions.

In addition, the Court notes Plaintiff's concern that the state agency physicians offered opinions based upon limited medical evidence. Doc. 8 at PageID 1626. Dr. McCloud offered his assessment on May 10, 2009, *i.e.*, approximately two-and-a-half years prior to the ALJ's decision of September 21, 2011. Dr. Holbrook affirmed Dr. McCloud's assessment on November 3, 2009, *i.e.*, approximately one year and ten months prior to issuance of the ALJ's opinion. These opinions obviously predate a substantial portion of Plaintiff's treatment record. A situation such as this demonstrates the need for a meaningful explanation by the ALJ so that this Court can assess the appropriateness of the ALJ's determination that such opinions are consistent with, and supported by, the record as a whole. *See Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007) (holding that courts "require some indication that the ALJ at least considered

[subsequent medical evidence] before giving greater weight to an opinion that is not 'based on a review of a complete case record'"); *see also Blakely*, 581 F.3d at 409.

Thus, the Court can only conclude that the ALJ's explanation of the weight accorded the opinions of the state agency reviewing physicians is not meaningful, and is, instead, merely conclusory. Accordingly, having failed to comply with the Regulation requiring an explanation of the weight given to the opinions of the state agency physicians, 20 C.F.R. § 404.1527(e)(2)(ii), the ALJ's decision to accord significant adjudicative weight to such opinions is not supported by substantial evidence and should be reversed. *See Blakely*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions").

## IV.

When the ALJ's non-disability determination is not supported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order the award of benefits. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. In fact, there is no opinion in the record from any acceptable medical source supporting a disability finding. However, in the absence of the opinions of the state agency physicians, there is also no evidence in the record from any acceptable medical source regarding Plaintiff's specific physical limitations. Accordingly, the undersigned concludes that a remand is proper for further proceedings. On remand, the undersigned recommends that the Commissioner seek a current RFC assessment based upon a recent review of the full record of medical evidence.

## V.

For the foregoing reasons, the Court finds merit to Plaintiff's argument that the ALJ's reliance on the opinions of state agency physicians is not supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   July 8, 2014                           *s/ Michael J. Newman*
                                               Michael J. Newman
                                               United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).