IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA WEIS,                                :

        Plaintiff,                           :   Case No. 3:13cv164

vs.                                           :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,              :

        Defendant.                           :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY AND OVERRULING DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING DECISION OF THE DEFENDANT COMMISSIONER THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On July 8, 2014, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated (the Magistrate's filing recommends reversal, while the Court concludes that a vacation of the Administrative Law Judge's opinion is the proper remedy), that the captioned cause be remanded to the Commissioner

under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings consistent with his opinion. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #14), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Defendant's Objections to said judicial filing (Doc. #15) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated, and the captioned cause is remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Magistrate Judge's Report and Recommendations and this opinion.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v.

Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo,

resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the Magistrate Judge that substantial evidence in the record supports the Administrative Law Judge's assessment of the opinion of Justin Wright, a non-acceptable medical source. The Court finds that the Administrative Law Judge was correct in according no weight to that opinion. In short, the Administrative Law Judge found his opinions unsupported by evidence in the record and was thus given no weight.

2. With regard to the state agency medical consultants, none of whom treated or examined the Plaintiff, the Administrative Law Judge offered only the conclusory assessment that the opinions were "well supported by the objective and clinical findings of record" and offered citations to their written opinions, pointing to no specific medical signs or laboratory findings in that record that she believes supported those opinions. Given that, as well as the additional fact that the state agency physicians offered opinions based on less than the full medical record (the latest of such opinions was rendered almost two years prior to the Administrative Law Judge's

opinion of September, 2011), this Court concludes that the Hearing Officer has failed to set forth information that satisfies this Court that she at least considered subsequent medical evidence before giving greater weight to an opinion that is not based upon a review of a complete case record. Thus, as the Magistrate Judge concluded, this Court can only conclude that the Administrative Law Judge's explanation of the weight accorded the opinions of the state agency reviewing physicians is not meaningful and is, instead, merely conclusory. Having failed to comply with the Regulation requiring an explanation of the weight given to the opinions of the state agency physicians, her decision to accord significant weight to such opinions is not supported by substantial evidence.

3. Given that the Administrative Law Judge's disagreement with Mr. Wright's opinion that Plaintiff require a low stress environment is supported by substantial evidence, that her decision to afford the opinions of the state agency, non-examining physician's opinions significant weight is not supported by substantial evidence and, further, given that there is no opinion in the record from any acceptable medical source, treating or otherwise, supporting a disability finding, it is clear that evidence of disability is not overwhelming, nor evidence of disability strong with contrary evidence weak. Accordingly, a remand for further administrative proceedings is in order. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not

entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #15) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no decision as to Plaintiff's disability within the meaning of that Act; and remanding the captioned cause to the Defendant Commissioner, under the Fourth Sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Magistrate Judge's Report and Recommendations, to wit, the Commission must seek a current Residual Functional Capacity assessment based upon an up to date review of the full record of the medical evidence, including, if deemed necessary, taking any and all necessary steps, including an up to date medical examination, to determine the Defendant's eligibility for benefits consistent with the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 30, 2014

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record