IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICIA WEIS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:13-cv-164

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

# REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting attorney's fees in the amount of $5,701.25. Doc. 19. The Commissioner filed a memorandum in opposition to Plaintiff's motion (doc. 20) and Plaintiff filed a reply (doc. 22). The undersigned has carefully considered the foregoing documents, and the motion for attorney's fees is now ripe for decision.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In this case, Judge Rice adopted the undersigned's Report and Recommendation in its entirety, reversed the Commissioner's non-disability finding, and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further administrative proceedings. Doc. 17 at PageID 1690-92. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes. *See Shalala*, 509 U.S. at 301-02. However, the Commissioner argues that EAJA fees are not awardable in this case because the Commissioner's position on appeal was substantially justified. Doc. 20 at PageID 1732-35.

As recently held by the Sixth Circuit, "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 727-28 (6th Cir. 2014). Here, however, the Court did not remand simply because the reasoning provided by the ALJ was conclusory; the Court also noted no indication by the ALJ that she "considered subsequent medical evidence before giving greater weight to an opinion that is not based on a review of a complete case record." Doc. 17 at PageID 1690-91 (noting that the latest medical opinion relied upon by the ALJ "was rendered almost two years prior to the [ALJ's] opinion"). Accordingly, the undersigned concludes that the Commissioner's position on appeal was not substantially justified.

Plaintiff's counsel advises the Court that he worked 30.30 hours on this case. Doc. 19-1 at PageID 1701-02. At the requested amount of $5,701.25, this calculates as $188.16 per hour. Having reviewed the time sheet entries submitted by Plaintiff's counsel and considering the nature of the work counsel performed in this case, the Court finds both the hourly fee and the time

expended reasonable.[2]  *Compare Kash v. Comm'r of Soc. Sec.*, No. 3:11-CV-44, 2012 WL 3112373, at *2-3 (S.D. Ohio July 31, 2012) (Newman, M.J.), *adopted by* 2012 WL 3636936, at *1 (S.D. Ohio Aug. 21, 2012) (Rice, J.) (finding an hourly rate of $176.36 reasonable in an EAJA fee application).  Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $5,701.25.

### III.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's motion for an EAJA fee award (doc. 19) be **GRANTED**;

2. Plaintiff be **AWARDED** the sum of $5,701.25 in EAJA fees; and

3. As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.

Date:  May 8, 2015                         s/ Michael J. Newman
                                           Michael J. Newman
                                           United States Magistrate Judge

---

[2]  The undersigned rejects the Commissioner's argument that counsel's time should be reduced by an hour because such hour was spent on reviewing various client correspondence and Court notices.  *See* doc. 20 at PageID 1736.  The Court agrees with Plaintiff's counsel that attorneys may appropriately seek fees for such review; the Court would discourage attorneys from simply passing review of client correspondence and Court notices solely to clerical staff.  *See* doc. 22 at PageID 1743.  While the undersigned may be inclined to strike such time entries where the time spent on such review was excessive, the one hour at issue here does not present such a circumstance.

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).